No. 10,339.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. MEADOWS.

RAILROAD.—*Killing Stock.*—*Evidence.*—*Ownership.*—In a suit against a railroad company for killing stock, where the road was not fenced, it appeared that the road was part of a line which, when constructed, was supposed to belong to another company than the defendant (the C. & I. A. L. R. W. Co.), and that, before the killing, the defendant had mortgaged that line of road to secure certain bonds, reciting therein that the defendant had entered into an agreement of consolidation with the C. & I. A. L. R. W. Co., and agreed to issue the bonds and mortgage. It also appeared that the defendant did not run regular trains over that road until after the killing.

*Held,* that the evidence justified the inference that the defendant owned and controlled the road at the time of the killing.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellant.

*W. E. Uhl,* for appellee.

NIBLACK, J.—Action by Martha J. Meadows against the Louisville, New Albany and Chicago Railway Company, for killing a colt, on the 30th day of November, 1881, at a point on its track at which it was not securely fenced. The action was commenced in the White Circuit Court, but was afterwards, by a change of venue, taken to the Carroll Circuit Court. The court trying the cause made a finding for the plaintiff, assessing her damages at $60, and gave her judgment for that sum, first overruling a motion for a new trial, challenging the sufficiency of the evidence to sustain the finding. Having appealed to this court, the railway company relies upon the alleged insufficiency of the evidence for a reversal of the judgment. It was fully proven at the trial that the colt, the property of the appellee, was killed by a passing train at or about the precise time named in the complaint, on a piece of new and unfenced railway track running through the county of White, and that the colt was of the probable

value of $60; that the railway track, at the place at which the colt was killed, was constructed either in whole or to some extent as a part of a line of railroad supposed to belong to the Chicago and Indianapolis Air Line Railway Company; that the train which killed the colt was a passenger train, but that the appellant did not commence to run regular through trains over the part of railway in question until on or about the 16th day of December, 1881.

There was no direct evidence as to the ownership and control of the train which killed the colt. Neither was there any direct evidence as to the ownership and control of the railway on which the train was running at the time of its collision with the colt. As bearing, however, upon this latter subject, a deed, under date of August 10th, 1881, was read in evidence. This was a deed from the appellant to John C. New, as trustee, to secure the payment of certain bonds and coupons issued by the appellant as a railroad corporation, mortgaging and pledging the line of railway theretofore known as the Chicago and Indianapolis Air Line Railway, for the payment of such bonds and coupons. This deed recited that the appellant had entered into a contract of consolidation with the Chicago and Indianapolis Air Line Railway Company, by which it had been agreed that the appellant should issue the bonds and coupons set out in the deed and secure their payment by a deed of trust such as that purported to be. It is unnecessary that we shall notice the remaining provisions of this very voluminous deed further than to remark that, as a mortgage security, the deed was executed upon the evident assumption that by the contract of consolidation the appellant had become the owner, and had entered into the exclusive control of the railway line thus mortgaged and pledged by it.

Taking into consideration all the circumstances as disclosed by the evidence, we think the court was justified in inferring that the appellant was the owner and in the control of the railway line where the killing occurred and where the colt

was killed, and that, consequently, there was no palpable failure of proof in that respect, as counsel for the appellant have endeavored to maintain.

The judgment is affirmed, with costs.